We have our last case of today. Uh, Davis, the Attorney General of the United States. Number 20-29 37. Ms Green and Mr Zaidi. Ms Green, whenever you're ready. Thank you, Your Honor. Uh, 50 support. My name is Sandra Green Council for Andrew Davis petitioner in these proceedings. Mr Davis has challenged the adverse. You wish to reserve any time for rebuttal. I'm a problem at all. Thank you. Mr Davis has challenged the adverse determinations of the Board of Immigration Appeals on both removability and relief. Um, at the outset, it should be noted that although Mr Mr Davis raised three issues on appeal, the respondent appears to have only challenged one issue, that being the issue of whether the petitioner's marijuana offense is an aggravated felony. The respondent has requested remand of both the cat issue as well as the credibility issue, asserting that those issues can be further addressed on remand. The other respondent has challenged the petitioner's assertion that his that he was not that he was not convicted of an aggravated felony. The arguments presented by the respondent appear to be non responsive to the issues raised by the by the petitioner. I would note that the petitioner has not asserted that he was charged under the Pennsylvania simple possession a statute, and the respondent appears to have spent the entirety of his argument or its argument on addressing that issue. Rather, the petitioner contends that he was or concedes that he was, in fact, prosecuted under the Pennsylvania Peewit statute and that he was charged with possession with intent to deliver. He asserts, nonetheless, that his offense is not an aggravated felony because the amount of marijuana involved in this case was not proven to be more than 30 grams in the removal proceedings. Green. Yes, I just want to make sure I understand you're not disputing today that Mr Davis had 47.5 pounds of marijuana. As I understand your argument, you're saying under the controlling legal framework, we don't have anything that we can look at to see that amount. Is that correct? No, we aren't. It's not correct. And we're not. We're not conceding the amount of the of the drugs that we do can see that it's listed at that as being that amount in the sentencing document. The the judgment from the Delaware County Court. But the respondent, the petitioner has not conceded that it was also it was also listed on the I to 13 immigration form. Was it not? It was not. Uh, the origin of that information was not specified. And I would note that the Board of Immigration Appeals did not rely on the I to 13 when determining the amount of the drugs. If you refer to the board's decision at page two, it specifically references the sentencing document from the Delaware County. There were there was discussion, though, at the hearing about the drugs being, um, filling two suitcases, right? Your Honor, I don't recall that that information. I would just indicate that what appears to be in the affidavit of probable cause is that there were 29 bag 29 small bags. But the size of the bags was not specified in the amount of the substance in each of the 29 bags was not specified. Now, he did concede removability, did he not at the hearing? Yes, he could be. He is removable. He's removable based on violating a controlled substance statute, and that does not render him an aggravated felon and concession of that fact would not preclude his being able to apply for cancellation of removal, would not eliminate his opportunity to apply for committed a particularly serious crime. So is is at the end of the day, your argument you're conceding P. W. I. D. But the, uh, the sentencing document should not have been taken into consideration. Did we were conceding that he was convicted of P. W. I. D. Okay, but we're saying our argument is that it was not established that the amount of drugs involved exceeded the amount that would enable him to, uh, nonetheless, uh, be considered to have a small amount of marijuana, right? Because the only proof of the amount was a document that should not have been considered. Correct? Yes, that's that's correct. So basically, you're saying technically that under the modified categorical approach, there's certain things you can consider the statutory definition, the charging document, the plea agreement, transcript of the plea colloquy and any explicit finding made by the trial judge. And you're saying that's it. So if something's in a sentencing judgment or if it's in an I to 13, it doesn't count. I assume because of our Evanson case. Is that correct? Right. And the court did, um, did reiterate that fact in cat well as well. So although I would, I would see that if the I to 13 did, uh, define or establish what the origin was for that information, then the court, it might be a different issue because the I to 13 has been deemed to be reliable to a certain extent. But that ability is not, um, uh, without the ability to refute it. And so, um, especially given the fact that the board did not rely on the I to 13 when determining that the petitioner uh, committed was convicted of an offense in violation of the Control Substances Act, a felony in violation of the Control Substances Act that the I to 13 is not dispositive in this case. So what is the, what is the appropriate relief here? Assuming that we agree that the board erred in relying on the, um, the judgment of conviction. I mean, do we send it back to the board and say, hey, go see if there's a record on the immigration form or what, what is it that we're supposed to do? Well, we would argue that the relief that what would be required would be remand so that the respondent or Mr Davis, I'm sorry, the petitioner can apply for relief in the form of cancellation of removal, asylum withholding. Uh, and of, um, Omar Thomas, um, in which a similar issue was, was raised. Uh, once the matter gets back to the, uh, gets back to EOIR, if Mr Davis applies for a relief, the burden then switches to him to establish that he was not convicted of an aggravated felony. So, um, we would, we would ask for remand for the purpose of pursuing relief. So what would, if it went back, would it be a do over on the wait? No. Um, you know, certainly if the board remanded to the immigration court, um, depending on what the, the wording of the remand order would be, um, it could be remand as to all issues or it could be remand with a limited scope. If it's limited to, um, relief only, then, you know, the respondent would, the petitioner would have the opportunity to present his evidence that it's not an aggravated felony and the government would have an opportunity to present evidence rebutting his assertion that he was not convicted of an aggravated felony. And the specific remand language would come from BIA to the IJ? Well, it depends. It would depend on what, what language this court, um, would, uh, provide to the board in its, its order for remand. Yeah. Any further questions of my colleagues? If not, we'll give you some additional time on rebuttal if you need it. Ms. Green. Thank you. Thank you. This is IED morning, your honors and may it please the court. Imran Zaidi for the attorney general. There are two issues before the court. First, whether petitioners conviction for possession with the intent to deliver marijuana under Pennsylvania law is an aggravated felony. And second, whether petitioner qualifies for cat deferral. As we stated in our brief, the answer to the first question is yes, this marijuana conviction is categorically a drug trafficking aggravated felony. But on the second question, this court should remand because the board here did not apply the proper two step cat analysis pursuant to this court's decision. Why would we apply the categorical approach when we've already held on at least five different times that this particular statute requires the modified categorical approach? Well, your honor, this gets really to the heart of one of the complications in this case and the way that it's been litigated up until now, which is the way this court has previously examined this statute as an aggravated felony is to quickly look at the statute and say it does not appear to include any minimum amount requirement, any amount of controlled substance requirement and thus proceed to a modified categorical approach looking at the 30 grams of marijuana, in which case it would be an aggravated felony. The problem with that approach. You know, I realized there may be some cases like Tisdale, state court cases that may be of help, but at least one of our cases, Avila was decided after Tisdale. And again, it says here, this requires the modified categorical approach absent going in bank, whether you're right or not. I, there's no way that even if we wanted to, we could agree with you. Well, respectfully, Judge Amber, I disagree there. The main precedence that this court has ruled on this statute in actually addressing the categorical step would be first John. And then basically all subsequent rulings like Evanson and Catwell relied on that to say, because it doesn't happen. Is this case really much different than Evanson? Let's just take that for example. No, no. All of those cases without question, the analysis this court focused on was the conviction records. But the point the government is making, and this is very important here, is that none of those cases actually addressed. They did not meaningfully address whether or not the statute actually could even be applied to small amount conduct, which is considered the misdemeanor exception under federal law, right? What happened is, and this is just practically the way that immigration consequences of criminal offenses has changed ever since the Supreme Court's rulings in Deskamps and Mathis, is that previously what often happened is that, practically speaking, courts and our office, frankly, would turn very quickly to a modified categorical analysis because there was no need to perform an exacting categorical approach because you can look at the conviction records with at least a lesser burden of establishing divisibility and whether something was treated as an element. Now, after Mathis and Deskamps, we do not have any indication the way Mathis and Deskamps have treated divisibility. We have no reason, we have no ability to turn to those conviction records here. And that's sort of the central point is that we're not, none of our positions, you can tell from our briefing, is about the sufficiency of the conviction records as to the amount, right? We don't see any indication in Pennsylvania law that the amount of a controlled substance is actually an element of the crime is treated as divisible. The argument here is you do not even need to turn to those records because as a categorical matter, possession with the intent to deliver marijuana under subsection 30 cannot include small amount conduct, the misdemeanor exception. And that, Judge Ambrose, you said in our brief, is because you have this separate subsection under Pennsylvania law, section 31, and most critically, cases of But doesn't, but doesn't the fact that after Gordon and other cases that defendants are still prosecuted under the subsection you're talking about, 113A30, for less than 30 grams of marijuana, doesn't that establish a realistic probability, not just a theoretical possibility, that the state would apply the statute to smaller amounts? No, respectfully, Judge Noriega, those cases are simply contrary to law. I don't think I don't think we're even in a sort of arena of where realistic probability would apply here because that's where you don't necessarily have a match on elements and there might be some theoretical way in which the statute might be applied. But I'm not talking about that. I'm talking about cases where it appears that the defendant was charged under this statute for small amounts. Why is that theoretical? And if you're saying they're contrary to law, so what, how do I know that in from the cases? No, that's what I meant by theoretical is I certainly understand that these are actual cases that have involved small amount conduct, right? There's no question about that. Our position is that it's actually contrary to settled law. Tisdale and Gordon have actually confronted the relationship between section 30 and section 31 and said that small amount of conduct cannot be prosecuted under the general provisions. So those decisions, how do we know that this defendant wasn't prosecuted for a small amount under those statutes, just like the other defendants that have been prosecuted for small amounts under this subsection? Well, you're on the sort of central question. I think what you're getting at in the realistic probability analysis or just the basic categorical approach is doing is Alvarez talked about whether state courts applied in a certain manner. And if you look at the unpublished decisions that you're relying on here that we cited in our brief, those are not only never addressed Tisdale, Gordon, subsection 31, they simply have not confronted anything about the relationship between section 30 and section 31. So yes, we acknowledge that those cases exist and we obviously cited them before this court because we want to bring them to this court's attention, but where you have cases that are unpublished and that clearly are contrary to settled and precedential law in a state, they're simply contrary to how the state actually interprets its law. And unfortunately, but not uncommonly, that's not uncommon. But they're not contrary to the way the state, you're saying it's contrary to the way the state interprets the law, but it's not contrary to the way the state enforces its law, right? Well, you're on, that's not, that's not a distinction that Duane is Alvarez or Moncrieff or the realistic probability would recognize. The point is, does the state recognize this as the proper interpretation of its law? And so the question really is, is this how it reads its law? And sometimes we're sort of left with tea leaves to figure out where the sort of boundaries of the statute are, but that's not the question, right? Because Tisdale and Gordon have interpreted because of the separate subsection 31, there to be a clear separation, a strict separation between the statutes. So when was Gordon decided? Gordon's decided, your honor, in 2006. And then Tisdale was in 2013. And so, and then Evanson was after Gordon and Evanson is citing the June case held that distributing a small amount of marijuana for no remuneration could be prosecuted under a 30. That's correct, your honor. It therefore criminalizes activity that in those cases, it's not a federal felony and the modified categorical approach applies. I, I, I simply don't know how I get around that. No, I, I, I certainly understand your concern judge Ambrose. And I want to be very clear about this. All, all of the cases after John interpreting the statute relied on John. So that's really the most relevant analysis. Catwell, Evanson, they all cited back to John. What John did was look at the statute and say, there's no indication from the face of the statute that this would not apply, that this could not apply to small amount of conduct. It doesn't say anything about the amount, right? And so given that it turned quickly to a modified categorical analysis because again, practically speaking, that's what we all used to do because it was easy to do that. And at that point lawful to turn to that analysis, but this court beyond that one sentence and candidly, even our office did not advance any theory of how these statutes actually are prosecuted and whether they actually can involve small amount of conduct. But again, you, you got to help me here. We have held at least five different times since Gordon, that we must apply the modified categorical approach to an A30 offense. How do I possibly overturn our precedent absent going in bank? Well, I'd reject the premise a little bit there, Judge Ambrose. I would not say that this court has said you must. I would say that this court has said that you can. And so that's, well, what it actually did was apply the modified categorical approach. So if you, we don't say you apply the modified categorical approach, unless we think you need to apply the modified categorical approach. Respectfully, respectfully, I, and this, the answer to this question is not necessarily outcome dispositive here, but I don't think that that's necessarily how courts have looked at the modified categorical approach. It's not that you need to start categorical for first before getting there. Something is clearly divisible. You can hone in on it in the same way to here. We do look at marijuana, right? Because it is divisible as to marijuana. And we are able to focus on possession with intent to deliver rather than manufacture. But our court in Avila specifically said that A30 is divisible. It said it's divisible as to exactly as to the conduct, whether it's possession with intent to deliver versus manufacture and as to the actual controlled substance. So you can look at those things. Let's just skip over to if we do apply the modified categorical approach, what documents can we consider and what can't we consider? Your honor, we don't advance any position as to the modified categorical approach here. It seems that the record, the only record that suggests the amount here is I believe the certificate of judgment sentence. I believe that's the same document that Catwell, not Catwell, I believe back to Jeanne said was insufficient. But again, the government is not reliant. I should also qualify. My understanding was that petitioner for what it's worth has conceded or did concede during his testimony, but the amount of the offense is 47.5 pounds. But our position here does not determine at all on the sufficiency of the records and establishing that amount or anything frankly under modified categorical analysis. And Judge Ambrose, to get to your point, I think even to the extent that this court might feel concerned or constrained by his prior precedents, and again, we don't think it should be and that the court hasn't grappled with the actual categorical analysis that we put forth here. I think you can still rely on Tisdale as an intervening precedent, which was issued in 2013. And then Moncrief from the Supreme Court, which as we mentioned in our brief, also, I believe in 2013, specifically recognized Pennsylvania as among a small minority of states that because they have these separate sections punishing small amount conduct may very well have a clear way to distinguish between what would be considered felony and what would be considered a misdemeanor under federal law and thus easy to identify as a categorical matter. But when I look at the Pennsylvania cases post-Tisdale, the Sano, Walton, MK, the cases cited in footnote 11 of your brief on page 21, they are all post-Tisdale and they make it clear that they sustain convictions under section 30 despite involving less than 30 grams of marijuana and no remuneration. That's correct, Judge Ambrose, and that gets back to Judge Noriega's question, which is what do we do with those cases? Do they actually establish anything, any conflict or inconsistency in the law? And our position is no, this is not a realistic probability, nor do they establish any conflict of the law. It is clearly cases that have been decided contrary to settled and clear law on how section 30 and 16 are to be interpreted. Those decisions leave no mistake as to what can and should be prosecuted under 30. Now that it's clear that these decisions have gone otherwise and those have recognized small amount of conduct. Has any decision gone your way post-Tisdale? Virtually every other decision has, Your Honor, and that's the point we raised in our brief. After Tisdale and Gordon, we rely on cases like, first of all, the Supreme Court itself, the Pennsylvania Supreme Court has recognized Gordon's principle in a case called Peck, which we cited in our brief, and then additional cases like interest of OT, Coffee, and Kriegler, which is published, have all recognized that there needs to be a strict separation between subsection 30 and 16, the simple possession or PWID, and the small amount provision statute. So if you look closely at our brief, Your Honor, I think, and I can point to the exact page here where we cite those cases. I got it in front of me. Where are you? Okay, I'm on page 19. It is, I believe so. Yes. Yes, 19. So cases like Kriegler and Coffee. Pardon me, Your Honor? You got cases going both ways. You got some on note 11, some on page 19. Right, and that's true, but I wouldn't, sorry, I beg your pardon, Judge Andrews. No, no problem. You know, again, if we go, if we apply the modified categorical approach, is a judgment of sentence allowable for consideration under the modified categorical approach? I don't believe it is, Your Honor, but our position here is that you cannot even get, we don't believe you can get to modify. I get it. I mean, you've got to argue categorical approach, but you haven't convinced me that we can get around our prior precedent. You can try again if you want. Yeah, I'll take one last stab at it, Judge Ambrose, because I do want, I do think the most important thing is to look closely at the precedents you're talking about. And I think again, it all starts with Jeanne and everybody cites back to Jeanne. And if you look at what Jeanne said, and then Evanson, and then Catwell, they've all said the statute does not appear to require any specific amount. So it appears to cover small amounts. And that, again, under the prior analysis that we were conducting in our office and what courts have conducted across the country, not just the Third Circuit, that is what often happened because it was practically much easier to do a modified categorical analysis. I don't think that any of that affects whether this panel can look at those and look at cases like Tisdale and Gordon and how Pennsylvania actually applies its law. And even Judge Ambrose, to the extent, again, that this court feels constrained by those precedents. I think you look at Tisdale and you look at Moncrief as clear intervening precedents as to how states interpret these in small amount of conduct. Let me ask you this. Let's assume that we do come to the conclusion that we're bound by our precedent. What are we remanding on? The remand, Your Honor, would then be for cat deferral for the board to apply a proper two-step analysis under Myrie where it separates out findings as to what would happen in the future. It's just for the cat issue. I'm sorry. I totally, I think, misunderstood the premise. You said if you agree or disagree with us, ask an aggravated felony. No, no, if we disagree with you and we remand, we come to the conclusion that we're bound by our precedent, right? Not an unreasonable conclusion. What are we remanding on? I apologize. So you'd be remanding for stripped of the aggravated felony finding. Then you'd be remanding for the agency to reconsider all applications because four of the five applications here were denied, as opposing counsel mentioned, based on the aggravated felony finding, right? Asylum cancellation automatically and withholding removal and cat protection because of the presumption that these crimes are particularly serious. So you would then remand for all applications to be reconsidered stripped of that statutory disqualifier for aggravated felons. Thank you. And then, you know, who knows? Maybe cat deferral becomes moot at that point because perhaps the petitioner would become, would be eligible and would meet their burden for some other form. Okay, but that sort of changes the ballgame. Could I ask one question? You're distinguishing between unpublished decisions and published decisions and whether things are contrary to law. Are any of the cases that you have cited to us published opinions in which the Pennsylvania courts have overturned a conviction under subsection A-30 for a defendant having less than 30 grams? No, Your Honor. Tisdale and Gordon both arise in the context of subsection 16 with a simple, which is simple possession. But what those cases both clearly say is because of the separate subsection 31, that any conduct that would fall under... But I'm trying to figure out when you say that the cases that we're looking at, they're unpublished and contrary to law. Is there anyone who said, hey guys, I was convicted under a statute that, and it's contrary to law, and overturned this Pennsylvania Supreme Court because what happened to me is inconsistent with Gordon and Tisdale. You have anything like that? We don't, Your Honor, but I think respectfully, it sort of makes our point here, which is that it wasn't challenged in the first place because unfortunately, but not uncommonly, this happens in state prosecutions where some aspect of the statute that is contrary to the law is unfortunately prosecuted that way. And because that aspect of the law was not challenged, you have convictions that proceed. I mean, I've dealt with cases like this before where you have actual additional offenses because it involved a different substance, even though substance is not divisible under that statute. So the very fact of having these cases where you have separate convictions under subsection 30, even though they amount to a small amount of conduct, and they involve small amount of conduct, does not establish that the law actually applies this way. Those cases are simply contrary to settled Pennsylvania law. And if somebody does raise that challenge saying, look, I was prosecuted under the general provision, even though this was P with small amount of conduct and no remuneration, I think it's quite clear based on Tisdale and Gordon and the fact that the Supreme Court has recognized those cases that they would say, yeah, that's wrong. We're going to remand and direct a verdict under the small amount statute. So when that day comes, it'll make this question much easier, but I don't think there's any difficulty now seeing the Tisdale and Gordon answer the question clearly. Thank you very much. Thank you, Your Honor. Ms. Green, is there anything you want to add in connection with whether we should or should not apply the modified categorical approach? I apologize. I'm saying is there anything that you wish to add as to whether we should or should not apply the modified categorical approach? No, Your Honor. I believe it's clear that the precedent is well established that the modified categorical approaches is the proper approach to apply in this case. And I would note that the board's decision relies upon many of the decisions that the respondent here is now asking the court to ignore. So given the full weight of precedent, we would ask the court to abide by the precedent that exists at this time and we have nothing more to add on rebuttal. All right. Thank you very much. Thank you to both counsel for well-presented arguments and we'll take the matter under advisement.